# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3699

_____

Lance Addison; Steven R. Schuyler;    *
Patricia Fitzharris,   *
   *
             Appellees,   *   Appeal from the United States
   *   District Court for the District
     v.   *   of Minnesota.
   *
Everest Connections Corporation;   *     [UNPUBLISHED]
Everest Global Technologies, LLC;   *
Utilicorp United, Inc.,   *
   *
            Appellants.   *

_____

Submitted: June 13, 2002

Filed: June 20, 2002

_____

Before HANSEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

UtiliCorp United, Inc. entered into a limited liability company (LLC) agreement with GLA New Ventures to form Everest Global Technologies, LLC, a holding company for corporations engaged in cable, telephone, and internet services. Later, UtiliCorp and GLA created Everest Connections Corporation, a subsidiary of Everest Global, to build, operate, and license the proposed telecommunications business. Three former employees of Everest Global and Everest Connections sued

them seeking money damages for breach of contract and tortious interference with contract arising out of their employment. The former employees also sought declaratory relief on a noncompetition agreement. The business entities moved to dismiss or to compel arbitration based on a clause in the LLC agreement requiring disputes arising out of or related to the agreement to be settled by arbitration. Because the former employees were not parties to the LLC agreement, the district court[*] denied the motion.

Everest Connections, Everest Global, and UtiliCorp appeal asserting the former employees should be required to arbitrate their claims and any claims not submitted to arbitration should be stayed pending arbitration. Having carefully reviewed the record, we disagree. The former employees are not parties to the LLC agreement and the claims they assert in this case do not arise under that agreement. The former employees did sign letter agreements, employment agreements, noncompetition agreements, and stock vesting agreements with Everest Connections and Everest Global, but these agreements contain no arbitration clause, and state the parties will submit disputes to federal or state courts. The vesting agreements do provide that certain terms of the LLC agreement applicable to "members" govern the parties' rights, but the arbitration clause of the LLC agreement does not govern "members" as the agreement defines those terms. Further, the vesting agreements make no reference to the LLC agreement's arbitration clause, and the former employees were not given a copy of the LLC agreement before signing the vesting agreements.

We thus affirm on the basis of the district court's opinion. See 8th Cir. R. 47B.

---

[*]The Honorable Paul Magnuson, United States District Judge for the District of Minnesota.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.